UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**DILLARD J. TORANE**
**107 Redtail Drive #8**
**Sheboygan Falls, WI 53085**

    Plaintiff,

    v.

**KRIER FOODS, INC.**
**520 Wolf Road**
**Random Lake, WI 53075**

    Defendant.

## COMPLAINT

NOW COMES Plaintiff Dillard Torane ("Torane"), by his attorneys, Nathan D. Eisenberg of The Previant Law Firm, S.C., and as and for his Complaint against the Krier Foods, Inc. ("Defendant") alleges:

### INTRODUCTION

1. This is a civil action seeking equitable relief and compensatory and punitive damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq., brought by Plaintiff to obtain redress from Defendant's discriminatory practices with respect to a hostile work environment, retaliation for making complaints about such work environment, his discharge and other terms and conditions of employment. Additionally, Plaintiff seeks redress for Defendant's interference with subsequent employment through supplemental state law claims for defamation and tortuous interference with contract.

## JURISDICTION

2. Jurisdiction is founded upon 42 U.S.C. §§ 2000e-5, and 28 U.S.C. §§ 1331, 1337 and 1343.

3. Plaintiff has complied with all jurisdiction prerequisites to action under Title VII of the Civil Rights Act of 1964 by timely filing a charge of discrimination with the Equal Employment Opportunity Commission on September 9, 2013 (Exhibit A) and receiving a notice of right to sue on or about March 26, 2014 (Exhibit B) copies of which are attached hereto.

4. This Court has supplemental jurisdiction over all other claims under 28 U.S.C. §1367 because they form part of the same case or controversy as the aforementioned claims.

5. Venue in this judicial district is proper by virtue of 28 U.S.C. §1391(e) in that many of the alleged acts were committed in the Eastern District of Wisconsin. Plaintiff worked for Defendant in the Eastern District of Wisconsin. Additionally, the Defendant does business in the Eastern District of Wisconsin.

## PARTIES

6. Plaintiff, Dillard Torane, is an adult male residing at 107 Redtail Drive No. 8 in Sheboygan Falls, Wisconsin. Plaintiff is African American.

7. Defendant, Krier Foods, Inc., is a Wisconsin corporation with its principle office at 520 Wolf Road in Random Lake, Wisconsin. Krier is in the business of manufacturing food products.

8. Plaintiff was employed by Defendant from December 2011 until approximately August 15, 2013, when his employment was involuntarily terminated.

## COUNT I – DISCRIMINATION BASED ON RACE

9. Plaintiff realleges and incorporates by reference paragraphs 1 through 8 as if they were set forth herein.

10. During the course of his employment with the Defendant, the Plaintiff, as an African American, was subjected to a hostile work environment that included derogatory comments based on his race.

11. During the course of his employment by the Defendant, the Plaintiff and another African American co-worker were subjected to verbal abuse by a team leader, Mark Meyer. Meyer harassed Plaintiff based on race on an ongoing basis, and made racially derogatory comments to Plaintiff. This included, but was not limited to, using racial epithets on several occasions in July 2013.

12. The language used in the racially derogatory comments to Plaintiff and his co-worker was sufficiently severe that Plaintiff felt unable to work with Meyer. However, due to Meyer's role as a lead person, Plaintiff was required to work with Meyer on a daily basis. Additionally, Meyer is the son of the Company's production manager.

13. During the course of his employment, Plaintiff reported such harassment to the Defendant, and the Defendant knew of the harassment. In July 2013, Plaintiff specifically reported Meyer's use of racial epithets to Plant Manager John Rassel. Defendant failed to take remedial action to correct the harassment.

14. The racially derogatory comments by Meyer, combined with Defendant's failure to address such comments, and the relationship between Meyer and management, resulted in a hostile working environment for Plaintiff and others.

3

15. By such actions, the Defendant engaged in intentional discrimination against Plaintiff with malice or reckless indifference to his federally protected rights.

16. As part of Defendant's discriminatory conduct and hostile work environment, Plaintiff was subjected to adverse employment actions, including his termination from employment by Rassel on or about August 15, 2013

17. Prior to his actual termination, such harassment and hostile environment resulted in the Plaintiff's constructive discharge. Such constructive discharge resulted in Plaintiff seeking other employment prior to his actual termination.

18. The Defendant's conduct violated Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2(a).

**COUNT II – RETALIATION FOR OPPOSITION TO DISCRIMINATION BASED ON RACE.**

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 as if they were set forth herein.

20. During the course of his employment with the Defendant, the Plaintiff, as an African-American, was subjected to retaliation for opposing discrimination in the workplace.

21. In July 2013, Plaintiff complained to the Defendant that he was being harassed by Meyer on the basis of his race.

22. Plaintiff's complaints included, but were not limited to, complaints to John Rassel, Plant Manager, that a co-worker was making inappropriate and derogatory racial remarks towards him.

23. As a result of such complaints, on or about August 15, 2013, Rassel terminated the Plaintiff's employment with the company.

24. By such actions, the Defendant engaged in intentional discrimination against Plaintiff with malice or reckless indifference to his federally protected rights.

25. The Defendant's conduct violated Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-3(a).

## COUNT III – DEFAMATION

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if they were set forth herein.

27. After Plaintiff's termination from Defendant in August 2013, Plaintiff obtained another job with Kleen-Test Products in Port Washington, Wisconsin.

28. During his employment with Kleen Test, Plaintiff was told by the production manager at Kleen Test that Defendant had informed him that Plaintiff had voluntarily quit employment with Defendant without providing notice.

29. As a result of Defendant's false communication to Kleen Test, Plaintiff's reputation with his new employer was harmed by lowering him in the estimation of Kleen Test and Kleen Test was deterred from associating or dealing with Plaintiff.

30. As a result of Defendant's false communication, Kleen Test terminated the Plaintiff's employment.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as if they were set forth herein.

32. Plaintiff had a contractual relationship with Kleen Test, where Kleen Test hired Plaintiff to work for the Company.

33. Defendant interfered with Plaintiffs' contractual relationship, where it communicated to Kleen Test incorrect and derogatory information about Plaintiff's employment with Defendant.

34. Defendant's interference was intentional, and Defendant not justified or privileged to communicate that Plaintiff had voluntarily quit his employment with Defendant.

35. As a result of Defendant's interference with Plaintiff's employment contract, Kleen Test terminated Plaintiff from employment.

## RELIEF

WHEREFORE the Plaintiff respectfully request that this Court:

a. Enter a judgment that the Defendant violated Title VII of the Civil Rights Act of 1964 as amended;

b. Enter a judgment that the Defendant defamed Plaintiff and tortuously interfered with a contractual relationship;

c. Enter judgment against the Defendant and in favor of Torane for prospective and retrospective monetary relief;

d. Enter judgment against the Defendant and in favor of Torane for compensatory damages;

e. Enter judgment against the Defendant and in favor of Torane for punitive damages, including punitive damages pursuant to 42 U.S.C. §1981a.

f. Award Torane the cost of this action and reasonable attorneys fees;

g. Grant Torane such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues of fact.

Dated this 23rd day of June, 2014.

/s/ Nathan D. Eisenberg
NATHAN D. EISENBERG (SBN 1030555)
nde@previant.com
The Previant Law Firm, S.C.
1555 N. RiverCenter Dr., Suite 202,

P.O. Box 12993  
Milwaukee, WI 53212  
Attorneys for the Plaintiffs  
(414) 271-4500  
fax: (414) 271-6308

ATTORNEYS FOR PLAINTIFF, DILLARD TORANE

s:\docs\torandil\86952\m0671968.doc